Argueta-Fuentes v. Garland

BIA
Sagerman, IJ
A202 136 873

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

Present:
>    RICHARD C. WESLEY,
>    WILLIAM J. NARDINI,
>    BETH ROBINSON,
>    *Circuit Judges.*

_____

OSCAR BLADIMIR ARGUETA-FUENTES,
>    *Petitioner*,

v.                                                                          20-1287

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:          JOHN H. PENG (Christine D. McClellan, *on the brief*), Prisoners' Legal Services of New York, Albany, NY.

FOR RESPONDENT:          JONATHAN ROSS (Brian Boynton, Assistant Attorney General, Sarah S. Wilson, Senior Litigation Counsel, Katherine S. Fischer, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Oscar Bladimir Argueta-Fuentes, a native and citizen of El Salvador, seeks review of a March 20, 2020, decision of the BIA affirming a September 24, 2019, decision of an Immigration Judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"). *In re Oscar Bladimir Argueta-Fuentes,* No. A 202 136 873 (B.I.A. Mar. 20, 2020), *aff'g* No. A 202 136 873 (Immigr. Ct. Napanoch Sept. 24, 2019). We assume the parties' familiarity with the record.

On appeal, Argueta-Fuentes argues that the agency erred in determining that he failed to meet his burden to obtain CAT relief, that is, to "establish that it is more likely than not that he . . . would be tortured if removed." *Ojo v. Garland*, 25 F.4th 152, 168 (2d Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). We review the IJ's decision as modified by the BIA. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Ojo*, 25 F.4th at 160–61 (reviewing factual findings for substantial evidence and questions of law de novo); *Nasrallah v. Barr*, 140 S.Ct. 1683, 1692–93 (2020) (judicial review of the denial of CAT relief is "under the deferential substantial-evidence standard").

Argueta-Fuentes first takes issue with the IJ's statement that "[a]bsent specific evidence that respondent himself will be a target . . . his claim to protection fails," Cert. Admin. R. 69, and argues that this statement suggests that the IJ held him to an incorrect and impossibly high standard to obtain CAT relief.[1] Instead, he argues that the proper standard is whether an individual in the applicant's position—that is, an individual in similar circumstances to the applicant—would more likely than not be tortured if removed. We do not agree that the IJ applied the wrong standard in evaluating Argueta-Fuentes's claim. As an initial matter, in the sentence immediately preceding the statement that Argueta-Fuentes argues is objectionable, the IJ phrased the applicable standard as requiring that the petitioner "establish that someone in his particular alleged circumstances is more likely than not to be tortured." *Id*. This formulation conforms to what Argueta-Fuentes argues is the proper standard. More fundamentally, however, we do not discern an appreciable difference between these two formulations, both of which are simply paraphrases of the relevant regulatory language, which provides that the "burden of proof is on the applicant . . . to establish that it is more likely than not *that he or she would be tortured* if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 159 (2d Cir. 2005) ("Article 3 of the CAT prevents state parties from removing an alien to a country where *he* more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." (emphasis added)).

---

[1] Argueta-Fuentes further notes that the IJ stated that "the evidence of record is devoid of any information that would compel" the conclusion that "all criminal deportees from the United States are in fact more likely than not to be torture[d] in El Salvador by that government itself," Cert. Admin. R. 72, and that "the 'compel' standard is reserved for circuit courts of appeals, and is improperly used by the IJ throughout his decision," Pet. Br. 31 n.6. We indeed evaluate whether substantial evidence supports agency findings of fact by asking whether "any reasonable adjudicator would be compelled to conclude to the contrary." *Gallina v. Wilkinson*, 988 F.3d 137, 142 (2d Cir. 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). The IJ, in contrast, weighs the evidence in the record to make factual findings. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight to afford evidence "lies largely within the discretion of the IJ" (alteration and internal quotation marks omitted)). However, we do not read the IJ's isolated uses of the verb "compel" to indicate that the IJ believed that it was entitled to deny relief unless Argueta-Fuentes's evidence was so strong as to compel as a matter of law a conclusion that he would be tortured.

Next, Argueta-Fuentes argues that the agency committed legal error by improperly weighing the evidence he presented. He argues that the agency failed to address two of the three possible sources of torture—extrajudicial death squads and corrupt Salvadoran government officials—that he presented to the IJ. Argueta-Fuentes testified to his fear of torture by extrajudicial death squads known as the "Exterminators" and submitted documentary evidence concerning the risk of extrajudicial killings of suspected gang members. *See* Cert. Admin. R. 167-471. Although the IJ did not reference the Exterminators by name, upon turning to the merits of Argueta-Fuentes's claims, the IJ specifically stated that he had made his decision "after careful consideration of respondent's testimony and the evidence of record, specifically Exhibit 6, Tabs A through U," Cert. Admin. R. 68, which contained Argueta-Fuentes's evidence of extrajudicial killings of suspected gang members, *id.* "The agency is not required to expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner . . . [and] we will generally presume that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise." *Jin Yi Liao v. Holder*, 558 F.3d 152, 156 n.3 (2d Cir. 2009) (internal quotation marks and alterations omitted). Here, the IJ specifically highlighted his consideration of Argueta-Fuentes's documentary evidence, which included the evidence concerning the Exterminators, and ultimately held that his fear of "harm at the hands of unknown private actors engaged in illegal activity" did "not satisfy the very heavy burden of proof" to obtain CAT relief. Cert. Admin. R. 69. The record even more strongly suggests that the IJ considered whether Argueta-Fuentes faced torture at the hands of Salvadorian government officials, as the IJ thoroughly considered whether the United States' labeling of Argueta-Fuentes as a gang member "would lead the Salvadorian government to torture the respondent." *Id.* at 70. The IJ explicitly parsed the evidence that such a label would lead the Salvadorian government (or corrupt, rogue elements within the government) to torture Argueta-Fuentes and, based on the conflicting evidence "of the effectiveness or success of the Salvadorian government's efforts to combat gang violence, government corruption, and impunity," held that Argueta-Fuentes had not met his burden. *Id.* at 71.

Finally, Argueta-Fuentes argues that the agency failed to properly consider the aggregate risk of torture from each of the three sources he identified and to consider whether this aggregated risk met the "more likely than not" standard applicable to CAT claims. The agency was indeed required to consider the aggregate risk of torture. *See* 8 C.F.R. § 1208.16(c)(3) (requiring the agency to consider "all evidence relevant to the possibility of future torture"); *see also Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) ("Claims under the Convention Against Torture must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible . . . claims." (internal quotation marks omitted)). We agree with the BIA that the IJ considered all potential sources of torture in the aggregate. Because the IJ referenced his consideration of Argueta-Fuentes's documentary evidence, which included the evidence concerning the Exterminators, the fact that the IJ specifically discussed some of Argueta-Fuentes's particular arguments does not imply that the IJ failed to consider the aggregate risk Argueta-Fuentes faced.

3

We have considered Argueta-Fuentes's remaining arguments and find them to be without merit.   For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court